IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSSI WADE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-0276-G (BK) |
| | § | |
| TRAVIS MIDDLE SCHOOL, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons that follow, it is recommended that Plaintiff's individual claims be dismissed with prejudice as frivolous, that her daughter's claims be dismissed without prejudice, and that Plaintiff be warned that sanctions may be imposed if she persists in filing frivolous lawsuits.

**I. BACKGROUND**

**A.    Procedural History**

Plaintiff Rossi Wade, a resident of Euless, Texas, filed this *pro se* civil rights action, individually and on behalf of her minor daughter, against Travis Middle School in Irving, Texas, and Principal Terry Cooper. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. (Doc. 15.) To obtain information about the factual basis of Plaintiff's *Amended Complaint* and *Statement of Facts*, the Court issued a questionnaire.[1]

---

[1] While Plaintiff's pleadings list only "Rossi Wade" as the plaintiff, her allegations seek to sue the Defendants both individually and on behalf of her daughter. (*See* generally Doc. 10; Doc. 13, ans. 3-5.)

Plaintiff, who is African-American, asserts a variety of discrimination, harassment, and violation of Fourteenth Amendment and Equal Protection Clause claims under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act (42 U.S.C. § 2000d), stemming from her daughter's brief enrollment at Travis Middle School from December 16, 2010, until January 26, 2011. (Doc. 7 at 1; Doc. 10 at 3-5; Doc. 13, Ans. 1-2.) By this suit, Plaintiff seeks $20 million in damages for emotional pain and suffering and loss of enjoyment of life. (Doc. 10 at 4.)[2]

As best as the Court can decipher, Plaintiff states that Ms. Forthage, her daughter's math teacher, called "the students names" and became enraged when Plaintiff asked her for additional work to improve her daughter's grade. (Doc. 10 at 5.) Ms. Forthage allegedly informed Plaintiff that her daughter and all Forthage's students were dumb. *Id.* When Plaintiff reported the incident to Mr. Cooper, he began picking on her daughter, telling her to remove her jacket or sweater, which ultimately caused her to become sick. *Id.* The harassment allegedly continued despite Plaintiff's attempts to find a solution. *Id.*

Unable to solve the problem with Mr. Cooper, Plaintiff called the Superintendent's Office and spoke with Mr. Ladwig, who assured her that he would take care of the situation. *Id.* at 6. The next day, however, Ms. Duncan sent Plaintiff's daughter to the office because she disliked her sweater and scarf, causing her to miss lunch. *Id.* Plaintiff spoke with Ms. McCasky, an

---

[2] Plaintiff's *Amended Complaint*, filed on February 23, 2011, consists of four lines alleging only "[d]iscrimination[,] [h]arassment[,] [v]iolation of 14th Amendment[, and] Equal Protection Clause." (Doc. 7 at 1.) Her *Statement of Facts*, filed on February 25, 2011, provides more details about the alleged violations that Plaintiff seeks to raise in this case. In light of Plaintiff's *pro se* status, the Court liberally construes the *Statement of Facts* as a supplement to the *Amended Complaint*. Plaintiff's answers to the questionnaire also constitute an amendment to her complaint. *See Macias v. Raul A. (Unknown), Badge No. 153,* 23 F.3d 94, 97 (5th Cir. 1994).

assistant principal, who permitted her daughter to eat lunch late. *Id.* A few days later, Ms. Daniel, another assistant principal, again sent Plaintiff's daughter to the office as a result of the same sweater. Mr. Cooper, in turn, ordered Plaintiff's daughter to remove the sweater and place it in her locker, which caused her to miss lunch once again. *Id.* Mr. Cooper later advised Plaintiff that "the reason he was bothering her [daughter] was [because] green was not a school color." *Id.* at 7. Plaintiff rebuts that green was a school color at Travis Middle School, and that her daughter always wore clothing with proper uniform colors. *Id.* Because the harassment and "teachers [sic] bullying" continued, Plaintiff ultimately relocated her residence to change her daughter's school. *Id.*[3]

**B.     Plaintiff's Prior Cases**

This is the third action Plaintiff has filed against a school district, its principal, and teachers, complaining of harassment and discrimination against her and her daughter. In *Wade v. Carrollton-Farmers Branch Independent School District, et al.*, No. 3:09-CV-0346-O, 2009 WL 2058446, *1 (N.D. Tex., Dallas Div.), Plaintiff sued a school district, an elementary school principal, a teacher, and an unnamed secretary under 42 U.S.C. § 1983, alleging discrimination against her daughter on account of her race, in violation of the Equal Protection Clause of the Fourteenth Amendment. The court summarily dismissed all claims except for an equal protection claim against the school's principal, which was tried before a jury. *Id.*, 2009 WL 2058446, * 1-3. Following the conclusion of Plaintiff's case-in-chief, however, the court granted judgment as a matter of law in favor of the school's principal. *Wade,* No. 3:09-CV-346-O at

---

[3] In answer to the questionnaire, Plaintiff alleges a similar course of events in support of her harassment claims. (Doc. 13, ans. 4, and attached statement.)

document 63, *aff'd*, 416 Fed. Appx. 354 (5th Cir. Jan 25, 2011) (unpublished *per curiam*).

While the above case was pending, Plaintiff filed a second action against the Carrollton-Farmers Branch Independent School District and three of its employees, alleging four conclusory claims (very similar to the ones alleged in this case): "civil rights[,] equal protection violation[,] discrimination[, and] policy and procedure." *See Wade, et al. v. Dr. Cole, et al.*, No. 3:10-CV-0743-P (N.D. Tex. 2010) at Doc. 1. The court summarily dismissed the complaint without prejudice because Plaintiff had alleged no facts showing she was entitled to relief. *Wade v. Cole*, No. 3:10-CV-0743-P, 2010 WL 1838179, *1-2 (N.D. Tex. Apr. 19, 2010), *recommendation accepted*, 2010 WL 1838180 (N.D. Tex. May 4, 2010). Plaintiff did not appeal.

## II.  DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, Plaintiff's pleadings are frivolous.

A.     **Daughter's Claims**

At the outset, the Court notes that Plaintiff cannot sue on behalf of her own daughter. Plaintiff has been on notice since 2009 that, as a *pro se* litigant, she cannot represent her minor daughter in a civil action and will need to hire a licensed attorney to represent her daughter's claims. *See Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:09-CV-0346-O, 2009 WL 2058446, *2 (N.D. Tex. 2009) (right to proceed *pro se* in federal court does not give non-lawyer parent right to represent minor child in legal proceedings). Therefore, all claims brought on behalf of Plaintiff's daughter should be dismissed without prejudice.[4]

B.     **Plaintiff's Claims**

    1.     Title VI

Plaintiff sues Travis Middle School and Principal Cooper for discrimination under Title VI and 42 U.S.C. § 2000d.[5]  (Doc. 10 at 3.)  However, neither Travis Middle School nor Principal Cooper was "an entity" that engaged in racial discrimination and that received federal financial assistance. *Mayorga Santamaria ex rel. Doe Children 1-3 v. Dallas Independent School Dist.*,

---

[4] Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2011) tolls the statute of limitations if the plaintiff is under eighteen years of age. Consequently, in the event that Plaintiff's minor daughter has colorable claims, the statute of limitations will not begin to run until she has reached her 18th birthday. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 (5th Cir. 1992) (claim was tolled until plaintiff reached eighteenth birthday).

[5] A Title VI claim derives from section 2000(d).

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

2006 WL 3350194, *47 (N.D.Tex., 2006) (setting out elements of Title VI claim).  The Irving Independent School District ("Irving ISD"), not Travis Middle School, is the proper legal entity receiving federal assistance.  *Id.*  In addition, an individual, such as Principal Cooper, is not a proper defendant.  *Id.* at 48 (holding principal, sued in individual capacity, was not proper defendant under Title VI).  Consequently, any Title VI claim against Travis Middle School and Principal Cooper fails.

Even liberally construing the pleadings in this case to sue the Irving ISD, Plaintiff lacks standing to assert a claim for damages under Title VI in her own right.  "A plaintiff must be an intended beneficiary of, an applicant for, or participant in a federally funded program in order to state a claim under Title VI."  *Jackson v. Katy Indep. School Dist.*, 951 F.Supp. 1293, 1298 (S.D. Tex. 1996).  Because school children are the only intended beneficiaries of a federally funded public school program, Plaintiff has no standing to assert a Title VI claim in her own right and, as previously noted, she does not have the right to maintain a *pro se* lawsuit on behalf of her daughter.  *Id.* (parents of student allegedly subject to racial discrimination at school lacked standing to assert claim in their own right under Title VI, but could bring action on behalf of their son with counsel).[6]  Moreover, Plaintiff's conclusory allegations of "discrimination" clearly do not involve the type of intentional discrimination contemplated under Title VI.  *See Alexander v. Sandoval*, 532 U.S. 275, 281 (2001) (Title VI prohibits only intentional discrimination).

Accordingly, Plaintiff's Title VI claim lacks an arguable basis in law and should be

---

[6]   The Westlaw opinion in *Jackson* incorrectly notes that the plaintiffs were *pro se*. *Compare Jackson,* 951 F.Supp. at 1295, *with* PACER docket sheet in No. 4:95-CV-0280 (reflecting plaintiffs were represented by counsel throughout pendency of district court's case and became *pro se* only after entry of judgment).

dismissed with prejudice as frivolous.

    2.    <u>Equal Protection Claim</u>

The Court addresses next Plaintiff's claims for equal protection violation under 42 U.S.C. § 1983. To pursue a claim under section 1983, a plaintiff must allege (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a claim is not cognizable under section 1983.

The Equal Protection Clause requires that similarly situated persons be treated alike. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To state a claim of racial discrimination under the Equal Protection clause, a plaintiff must allege that she was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes County,* 354 F.3d 414, 424 (5th Cir. 2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson,* 257 F.3d 470, 473 (5th Cir. 2001).

    a.    <u>Principal Terry Cooper</u>

Plaintiff's claim for equal protection violation against Principal Cooper lack an arguable basis in law. Even when liberally construed, her pleadings do not to allege that Principal Cooper treated her differently from other similarly situated individuals. *See Johnson v. Rodriguez*, 110 F.3d 299, 309 (5th Cir. 1997) (quoted case omitted) (equal protection violation "'occurs only when, inter alia, the governmental action in question classifies between two or more relevant

persons or groups'").[7] Plaintiff fails to identify any similarly situated individuals who were not African-Americans and who were treated more favorably by Principal Cooper. She presents nothing more than general, conclusory allegations based on her own personal impression that Principal Cooper violated her equal protection rights. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (*per curiam*) (dismissing as frivolous vague, conclusory allegations of equal protection violation).

In addition, Plaintiff does not allege that the treatment she allegedly suffered stemmed from Principal Cooper's intentionally discriminatory purpose. *Priester,* 354 F.3d at 424. Apart from her general allegations of discrimination, her pleadings focus only on Cooper's conduct with respect to the green sweater her daughter was wearing to school. This, however, is insufficient to adequately plead Cooper's discriminatory state of mind. Plaintiff does not allege any facts showing that Cooper singled Plaintiff out specifically based on her race. Therefore, Plaintiff's section 1983 claims against Principal Cooper lack an arguable basis in law and should be dismissed with prejudice as frivolous.

      b.    <u>Travis Middle School</u>

Plaintiff cannot sue Travis Middle School for civil rights violations under section 1983. Only a governmental entity, such as the Irving ISD, can be sued and subjected to monetary damages and injunctive relief under section 1983. *See Mayorga Santamaria ex rel. Doe Children 1-3 v. Dallas Indep. Sch. Dist.*, No. 3:06-CV-0692-L, 2006 WL 3350194, at *39 (N.D. Tex. 2006) (concluding Dallas ISD can be sued under section 1983).

---

[7] School administrators, such as Principal Cooper, are state actors for purposes of section 1983. *See, e.g.*, *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525-532 (5th Cir. 1994) (treating Dallas Independent School District school principal as state actor under section 1983).

Even liberally construing the pleadings to sue the Irving ISD, Plaintiff does not allege that the unconstitutional acts allegedly committed by the principal and teachers at Travis Middle School resulted from an official policy or practice of the Irving ISD. *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 694 (1978); *see also Buckley v. Garland Indep. Sch. Dist.*, No. 3-04-CV-1321-P, 2005 WL 2041964, at *4 (N.D. Tex. Aug. 23, 2005) (applying *Monell* standard to civil rights claim against school district). "[A] local government [entity, such as the Irving ISD,] may not be sued under [section 1983] for an injury inflicted solely by its employees or agents." *See Monell,* 436 U.S. at 695. Instead, liability may be imposed on a governmental entity only where the entity itself causes the constitutional violation at issue. *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403-404 (1997). Plaintiff, however, makes no such allegation. Therefore, her section 1983 claim against Travis Middle School and/or the Irving ISD for equal protection violations lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

**C.     Sanction Warning**

Because Plaintiff has filed three *pro se* actions that were frivolous, Plaintiff should be warned that if she persists in filing frivolous lawsuits, the court may impose monetary sanctions and/or bar her from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir.1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P.

11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, **are not entitled to sue and appeal, period."** *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's individual claims be **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), that those brought on behalf of her minor daughter be **DISMISSED** without prejudice, and that Plaintiff be **WARNED** that sanctions may be imposed if she persists in filing frivolous lawsuits.

SIGNED August 9, 2011.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　RENÉE HARRIS TOLIVER
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE